1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## EASTERN DISTRICT OF CALIFORNIA

9
10

| ELBERT LEE VAUGHT, IV, | CASE NO.    1:11-cv-00623-GBC (PC) |

11

Plaintiff,          ORDER DISMISSING COMPLAINT WITH
12                                              LEAVE TO AMEND
          v.
13    G. UGWUEZE, et al.,                     (ECF No. 1)

14            Defendants.          AMENDED COMPLAINT DUE WITHIN
15    _____ /  THIRTY DAYS

16
17                            **SCREENING ORDER**

18    **I.    PROCEDURAL HISTORY**

19
          Plaintiff Elbert Lee Vaught, IV, ("Plaintiff") is a state prisoner proceeding pro se and
20
in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this
21
22    action on April 19, 2011 and consented to Magistrate Judge jurisdiction on April 26, 2011.
23    (ECF Nos. 1 & 4.)

24          Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth

25    below, the Court finds that Plaintiff has failed to state any claims upon which relief may be

26    granted.

27    //

## II.    SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.    SUMMARY OF COMPLAINT

Plaintiff brings this action for violations of the Eighth Amendment.  Plaintiff names the following individuals as Defendants: G. Ugwueze, N. Warren, J. Clark Kelso, K. Englert, A. Enenmoh, Powell, C. Hammond, D. Foston, C. M. Heck, M. Crum, T. Byers, D. Hermosillo, G. Martinez, K. J. Allen, T. Akin, Iybarra, and K. Santoro.

Plaintiff alleges the following: July 1, 2010, Plaintiff arrived at his new facility.  He was seen by a nurse and told her that he was a chronic care inmate.  On August 2, 2010, Plaintiff was seen by Defendant Ugwueze.  Defendant Ugwueze refused to look at the medical records that Plaintiff brought with him, informed Plaintiff that they were only there to deal with his hepatitis-C, and did a brief physical examination. Defendant Ugwueze then told Plaintiff that he could not be in the pain that he described and that the pain is probably in Plaintiff's head.  Defendant Ugwueze again refused to look at photographs of Plaintiff's stabbing.  Defendant took Plaintiff off of gabapentin and placed him on noratriptalene, which is used to treat low levels of pain.

On August 4, 2010, Plaintiff was taken to an outside hospital for severe chest pain. Plaintiff returned to the prison clinic on August 8, 2010 for a follow-up appointment for his chest pain.  As a result of this appointment by another doctor, a MRI was ordered; however, Plaintiff's medications were not changed.

On August 18, 2010, Plaintiff was seen by Defendant Powell.  Defendant Powell refused to re-issue a light duty chrono and refused to refer Plaintiff to see a doctor because he was already scheduled for a follow-up appointment.

On September 10, 2010, Plaintiff was seen by Defendant Ugwueze about being taken off the pain medication.  Defendant examined Plaintiff and determined that Plaintiff should be seen by psych because the pain is in his head.  Plaintiff remained on gabapentin to deal with the pain.

On September 15, 2010, Plaintiff was seen by Defendant Powell. Defendant Powell issued Plaintiff a cane because he complained that his leg was going numb, but refused to refer him to the doctor because he had an appointment scheduled for November.

Plaintiff requested medical care on September 18, 22, and 30, 2010, but was not called to see the nurse or doctor.  Plaintiff was granted a lower bunk chrono, but not a lower tier chrono.  On October 16, 2010, Plaintiff fell down the stairs.  Plaintiff was seen by Defendant Powell who issued a lower bunk/lower tier chrono.  Plaintiff requested medical care on October 20 and 22, 2010, but was not called to the clinic.

On November 1, 2010, Plaintiff was seen by Defendant Ugwueze who told him that everything looked fine according to the c-scan taken after the fall and refused to give Plaintiff any pain medication, a lower bunk/lower tier chrono, or refer him to a pain specialist, among other things.  Plaintiff saw Defendant Ugwueze again on December 9, 2010.  On December 17, 2010, Plaintiff was seen by psych where it was determined that Plaintiff's pain was not in his head, but was attributable to anxiety.

On January 18, 2011, Plaintiff spoke with Defendant Powell who blamed Defendant Ugwueze for the times when Plaintiff had not been seen by a doctor.

On February 4, 2011, Plaintiff received a ducat to see the doctor, but was not called.

Plaintiff seeks declaratory relief, compensatory damages, punitive damages, nominal damages, treble damages, and injunctive relief.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

1997) (internal quotations omitted).

### A. **Eighth Amendment**

Plaintiff asserts that his Eighth Amendment right was violated by Defendants' deliberate indifference to his serious medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The objective component of deliberate indifference requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104);

see also Jett, 439 F.3d at 1096.  "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed."  Estelle, 429 U.S. at 104-105.  The objective element requires proof that the prisoner's serious medical needs were not timely and properly treated.

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer, 511 U.S. at 835).  "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official."  Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)).  "This second prong--defendant's response to the need was deliberately indifferent--is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Id.  Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."

McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

If the claim alleges mere delay of treatment, the inmate must establish that the delay resulted in some harm. McGuckin, 974 F .2d at 1060 (citing Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam)). The delay need not cause permanent injury. McGuckin, 974 F.2d at 1060; see also Hudson v. McMillian, 503 U.S. 1, 10 (1992). Unnecessary infliction of pain is sufficient to satisfy this requirement. Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must

show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

As currently pleaded, it appears that none of the named Defendants were deliberately indifferent to Plaintiff's serious medical needs.  Plaintiff was seen by Defendant Powell multiple times.  Defendant Powell did not always do what Plaintiff requested, but she was not deliberately indifferent to his serious medical needs either.  Plaintiff was seen by Defendant Ugwueze multiple times and was treated accordingly.  It appears that Plaintiff is alleging a mere disagreement with the treatment selected by Defendants, which is not sufficient to state a Section 1983 violation.  Plaintiff has failed to state an Eighth Amendment claim, and will be given leave to amend.

## B.   Appeals Process

Plaintiff appears to be alleging that Defendants Warren, Clark Kelso, Englert, Enenmoh, Hermosillo, Allen, Foston, Akin, Santoro, Iybarra, Martinez, and Byers failed to respond properly to his inmate appeals.  Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals

because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Buckley, 997 F.2d at 495.

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a claim in this regard. Because amendment of this claim would be futile, the Court advises Plaintiff that he would be well-served devoting his energy to pursuing his other claims.

## C.   Supervisory Liability and Personal Participation

Plaintiff appears to be arguing that several named Defendants are liable for the conduct of subordinates as, according to Plaintiff's statement of facts, they were not present and did not participate in any of the complained of conduct.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant,

through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct.  Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004).  In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892.  The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights.  Wesley, 333 F.Supp.2d at 892 (internal quotations omitted).  However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement.  Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability.  Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002).  Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id.  "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

Plaintiff has not alleged facts demonstrating that most of the named Defendants personally acted to violate his rights.  In his Amended Complaint, Plaintiff needs to

specifically link each Defendant to a violation of his rights.  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the amended complaint on claims and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.      Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-623-GBC (PC); and

3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    September 16, 2011

                                                    UNITED STATES MAGISTRATE JUDGE