# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBERT LEE VAUGHT, IV, | CASE NO. 1:11-cv-00623-GBC (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| G. UGWUEZE, et al., | |
| Defendants. / | Doc. 12 |

On April 19, 2011, Plaintiff Elbert Lee Vaught, IV, ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On September 16, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 7. On October 13, 2011, Plaintiff filed his first amended complaint. Doc. 9. The Court has not screened Plaintiff's first amended complaint. On May 29, 2012, Plaintiff filed a motion to file a second amended complaint. Doc. 12.

The Court will provide Plaintiff with the opportunity to file a second amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1948-49 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ."*Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a second amended complaint is GRANTED;
2. The Clerk's Office shall send Plaintiff a complaint form; and
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint.

IT IS SO ORDERED.

Dated:   June 14, 2012

UNITED STATES MAGISTRATE JUDGE