# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBERT LEE VAUGHT, IV, | CASE NO. 1:11-cv-00623-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| G. UGWUEZE, et al., | Doc. 14 |
| Defendants. | |

## I. Procedural History, Screening Requirement, and Standard

On April 19, 2011, Plaintiff Elbert Lee Vaught, IV, ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging failure to prescribe pain medication instead of psychiatric medication and a lower tier chrono. Doc. 1. On September 16, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 7. On October 13, 2011, Plaintiff filed his first amended complaint. Doc. 9. The Court had not screened Plaintiff's first amended complaint. On May 29, 2012, Plaintiff filed a motion to file a second amended complaint. Doc. 12. On June 14, 2012, the Court granted Plaintiff's motion to file a second amended complaint, noting that the second amended complaint would supersede the prior complaints. Doc. 13. On June 25, 2012, Plaintiff filed a second amended complaint. Doc. 14.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
5  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6    A complaint must contain "a short and plain statement of the claim showing that the pleader
7  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
8  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
9  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,
10  550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I*
11  *v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted
12  as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

13    While prisoners proceeding pro se in civil rights actions are still entitled to have their
14  pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
15  now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must
16  demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*
17  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
18  sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*,
19  572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this
20  plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

21    Section 1983 provides a cause of action for the violation of constitutional or other federal
22  rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
23  (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link
24  between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at
25  678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,
26  570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may
27  only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing*
28  *v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

**II. Plaintiff's Second Amended Complaint**

In Plaintiff's second amended complaint, he names G. Ugwueze, MD; T. Byers, Physician Assistant; T. Akin, Lt.; and Iybarra, Sgt., who were all employed at the Substance Abuse and Treatment Facility in Corcoran, California. 2d Am. Compl at 2, Doc. 14.

On July 1, 2010, Plaintiff arrived at SATF. *Id.* Defendant Dr. Ugwueze refused to talk about anything except Plaintiff's hepatitis C treatment, which was already complete. *Id.* at 2-3. Plaintiff said he wanted to talk about his pain issues, and Dr. Ugwueze said no. *Id.* at 3. Plaintiff tried to explain that this would cause him to go in unnecessary pain for 30-90 days depending on when he sees the doctor again. *Id.* Dr. Ugwueze said the pain is all in Plaintiff's head and took him off his pain medication and placed him on psychiatric medication. *Id.* Plaintiff said he has excruciating pain in his neck, head, and right hip so he needs Gabapentin for neuropathy pain. *Id.* Dr. Ugwueze disagreed, said he is taking Plaintiff off of that medication and placing him on Nortriptilene. *Id.* Dr. Ugwueze assured Plaintiff that Nortriptilene is a pain medication and not a psychiatric medication. *Id.* Plaintiff told Dr. Ugwueze that Gabapentin kind of helps him sleep and that he is putting him on a "heat med." *Id.* Dr. Ugwueze pressed his fingers on Plaintiff's neck and back and told Plaintiff is too well-developed to be in pain. *Id.* Plaintiff asked for an MRI on his neck and back, and Dr. Ugwueze refused. *Id.*

On August 4, 2010, Plaintiff is taken to the outside hospital for extreme pain in his chest. *Id.* at 4. Plaintiff believes this happened due to Dr. Ugwueze taking Plaintiff off of Gabapentin cold turkey. *Id.* On August 8, 2010, Plaintiff is called to the clinic. *Id.* Dr. Beregouskaya fully examined Plaintiff and looked in Plaintiff's file and pictures of his previous injuries, which contributed to Plaintiff's back and neck injury. *Id.* Dr. Beregouskaya ordered an MRI for Plaintiff's cervical and lumbar region. *Id.* Plaintiff asked Dr. Beregouskaya about the Gabapentin he was taken off of by defendant Dr. Ugwueze, and Dr. Beregouskaya reinstated the Gabapentin, two "800's" in the a.m. and two "800's" in the evening, stating Plaintiff needs those for the nerve damage and pain. *Id.* Plaintiff then received a heat med card for the Nortriptilene that he refused to take and now cannot go out in ninety degree weather. *Id.* Therefore, Dr. Ugwueze lied to Plaintiff about the Nortriptilene not being a psychiatric medication, it was a heat med. *Id.*

On September 10, 2010, Plaintiff is called to the clinic and brought pictures of his stabbing with him to try and let the doctor see where his pain stems from. *Id.* Dr. Ugwueze refused to look at the pictures and told him he believes Plaintiff was in pain when he got stabbed but now it is simply in his head. *Id.* Dr. Ugwueze told him to just be glad he is not going to take him off the meds he cried for to Dr. Beregouskaya. *Id.* at 4-5. Dr. Ugwueze tells Plaintiff he will not further his treatment until he talks to the psychiatric Dr. Brown about Plaintiff's PTSD issue to see if the pain is in his head or not. *Id.* at 5. Six months passed and Dr. Ugwueze never contacted Dr. Brown. *Id.*

On October 5, 2010, Plaintiff is called for a 602 hearing. *Id.* At this time, defendant T. Byers, physician assistant, gave Plaintiff his light duty chrono back due to his physical limitations, renewed his cane chrono for three more months, and a lower bunk chrono. *Id.* Plaintiff tells Byers he needs a lower tier chrono due to mobility issues. *Id.* Byers tells Plaintiff he will not go against Dr. Ugwueze and give him a lower tier chrono. *Id.* Byers renewed the light duty chrono because he already had it and he can tell Plaintiff needs a cane. *Id.* Byers will give him a lower bunk chrono but not lower tier. *Id.*

On October 14, 2010, Plaintiff was told to move to the top tier. *Id.* Plaintiff tells correctional officer Busch that he cannot move to the top tier for he has a cane for mobility. *Id.* Busch tells Plaintiff that the move came through medical and he is not responsible. *Id.* Plaintiff told Busch he was not moving until he talked to a sergeant. *Id.* at 6. At noon pill call, Plaintiff saw defendants Sgt. Iybarra and Lt. Akin sitting in front of the program office. *Id.* Plaintiff walked down there and tried to explain his problem, but they were uninterested and told him the move is from medical and to put in a medical slip to see a doctor about it. *Id.* Plaintiff says it will be two to three weeks before he sees a doctor and can they call medical to stop the move because he has a cane for mobility. *Id.* Iybarra and Akin say to take it up with medical. *Id.* Plaintiff says he will refuse to move and they say he will go to the hole and probably get top tier there too. *Id.* Sgt. Iybarra told Plaintiff to move to the top tier or the hole, it is his choice. *Id.*

On October 16, 2010, Plaintiff falls down the stairs on the way to noon pill call. *Id.* Plaintiff's right hip was hit with intense sharp pain while his right leg just went dead and folded beneath him causing him to fall forward due to his cane being hung up on the stairs. *Id.* Plaintiff had abrasions

on his right hip, right knee, back, arm, and head. *Id.* at 7. Plaintiff was taken to the outside hospital and given a C-scan, which showed no fractures. *Id.* After the hospital, Plaintiff was forced to return to the top tier. *Id.*

On October 17, 2010, Plaintiff submitted an emergency CDC 7362 form due to falling and still being located on the top tier. *Id.* On October 18, 2010, after attending another appointment, Plaintiff sees that Dr. Ugwueze is in the nurse office where they pass out meds, so he tries to get the nurse's attention to see a doctor about his situation. *Id.* After Plaintiff threatens a lawsuit against all of them, RN Powell calls Plaintiff to the office two hours later, gives him a thirty day temporary chrono for the lower tier, and says that he will see the doctor before it expires. *Id.*

Plaintiff was not called to see Dr. Ugwueze about the fall until November 1, 2010. *Id.* Dr. Ugweze states that Plaintiff is already housed on the lower tier so he no longer needs a lower tier chrono. *Id.* Plaintiff asks what if they move him to the top tier again, and Dr. Ugwueze says they will deal with that when it happens. *Id.*

Plaintiff sees Dr. Brown again and is complaining of Dr. Ugwueze. *Id.* Dr. Brown said that Dr. Ugwueze has not contacted her and that she is well aware of his stall tactics. *Id.* Plaintiff alleges cruel and unusual punishment, deliberate indifference, and failure to protect. *Id.* at 8.

For relief, Plaintiff seeks a declaratory judgment and damages. *Id.* at 8-9.

### III. Legal Standard and Analysis for Plaintiff's Claims
### A. Cruel and Unusual Punishment, Failure to Protect, Eighth Amendment Deliberate Indifference to Serious Medical Need, Supervisory Liability, and Linkage
#### 1. Legal Standard

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

1         "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

          Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

          Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

          Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a

plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

### 2. Analysis

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges Dr. Ugwueze refused to prescribe a pain medication instead of psychiatric medication; Byers declined to issue a lower tier chrono; and Sgt. Iybarra and Lt. Akin told him that he would have to ask medical for a lower tier chrono. 2d Am. Compl at 3, 5-6, Doc. 14.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, <u>nor a difference of opinion over proper treatment</u>, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, <u>the Constitution does not require that prison doctors give inmates every medical treatment they desire</u>. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977) (emphasis added). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with reasonable medical certainty that: (1) the prisoner's symptoms evidenced a serious disease or injury; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or <u>difference of opinion</u>." *Id.* at 48; *see also Sanchez*, 891 F.2d at 242 (emphasis added).

Plaintiff alleges it was Dr. Ugwueze's medical opinion that Plaintiff needed psychiatric medication instead of pain medication. A difference of medical opinion does not state a claim for deliberate indifference. *See Estelle*, 429 U.S. at 105-06.

Plaintiff alleges Sgt. Iybarra and Lt. Akin told him that since the order for Plaintiff's move

came from medical, he would have to take it up with medical. Thus, defendants were reasonably relying on medical for Plaintiff's cell placement and could not be deliberately indifferent. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer*, 511 U.S. at 835-36 & n.4; *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Plaintiff alleges Byers failed to issue a lower tier chrono because of Dr. Ugwueze. However, Plaintiff never alleges he asked Dr. Ugwueze for a lower tier chrono prior to speaking with Byers. Moreover, even if it was Dr. Ugwueze's medical opinion that Plaintiff did not need a lower tier chrono, Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48. <u>As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs.</u> *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added). Finally, it appears that Plaintiff was eventually issued his desired pain medication, lower tier chrono, and cane. Thus, at the most, defendants were merely negligent, which is insufficient to state a claim under <u>deliberate indifference</u>.

Although Plaintiff alleges falling on the stairs, he has failed to state that a named defendant actually knew and disregarded a known risk that Plaintiff was going to fall down the stairs, pursuant to *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21; *Ewing*, 588 F.3d at 1235; and *Jones*, 297 F.3d at 934.

As for defendants Sgt. Iybarra and Lt. Akin, Plaintiff's allegations are insufficient to hold these defendants liable based solely on a position of authority as Plaintiff has not alleged any facts linking the defendant to acts or omissions, which suggest that the defendant participated or directed

the violations, or knew of constitutional violations and failed to prevent them. *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235. Plaintiff fails to state a cognizable claim for relief under § 1983, based upon supervisory liability.

Thus, even with liberal construction, Plaintiff's complaint does not allege cruel and unusual punishment, failure to protect, or deliberate indifference to a medical need because neither mere negligence or medical malpractice, nor a mere delay in medical care, <u>nor a difference of opinion over proper treatment</u>, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez*, 891 F.2d at 242; *Shapley*, 766 F.2d at 407. Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring*, 551 F.2d at 47-48. The complaint will be dismissed for failure to state a claim upon which relief may be granted.

### IV. Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds that further leave to amend is not warranted.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY ORDERS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983.

IT IS SO ORDERED.

Dated:   December 17, 2012

UNITED STATES MAGISTRATE JUDGE